UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| JOE TUCKER, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) No.: 20-cv-3026-JBM |
| | ) |
| CAMERON WATSON, et al., | ) |
| | ) |
| Defendants. | ) |

## MERIT REVIEW ORDER

Plaintiff, proceeding *pro se* and after full payment of the filing fee, asserts an action under 42 U.S.C. § 1983 alleging inhumane conditions of confinement at the Western Illinois Correctional Center. Plaintiff names Illinois Department of Corrections ("IDOC") Director Rob Jeffreys, Western Warden Cameron Watson, Counselor Boswick, Grievance Officer Tara Goins and Debbie Knauer of the Administrative Review Board ("ARB"). The case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A. In reviewing the Complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour,* 729 F.3d 645, 649 (7th Cir. 2103). However, conclusory statements and labels are insufficient. Enough facts must be provided to "'state a claim for relief that is plausible on its face.'" *Alexander v. U.S.,* 721 F.3d 418, 422 (7th Cir. 2013).

Plaintiff complains of the overall physical condition of the facilities at Western. These include dirty exhaust vents, a broken exhaust blower in the dayroom, extreme heat in summer, mold and mildew in the showers and laundry and "ping-pong" toilets where contents flushed in one toilet back up into another. In addition, Plaintiff claims that inmates are given inadequate cleaning supplies and watered-down cleaning agents.

Plaintiff asserts that he wrote a grievance regarding these conditions on June 9, 2019. He does not indicate to whom the grievance was directed or how it was received. Plaintiff names Counselor Boswick, Grievance Officer Tara Goins and ARB Chair Debbie Knauer, but directs no allegations against them. He claims that Director Jeffreys and Warden Watson were "grossly negligent" in supervising their employees and that employees, in general, failed to remedy the conditions.

## ANALYSIS

To make out an inhumane conditions of confinement claim a Plaintiff must allege an extreme deprivation, ["b]ecause routine discomfort is 'part of the penalty that criminal offenders pay for their offenses against society', only those deprivations denying 'the minimal civilized measure of life's necessities' are sufficiently grave to form the basis of an Eighth Amendment violation." *Hudson v. McMillian*, 503 U.S. 1, 9 (1992) (internal citations omitted). Conditions which are "restrictive and even harsh" do not reach this standard. *Rhodes v. Chapman,* 452 U.S. 337, 347 (1981).

While the alleged conditions might otherwise state a colorable claim, Plaintiff fails to identify those individuals whom he holds responsible. Plaintiff has named three individuals who likely had responsibility for processing his grievances but does not indicate in what way they violated his constitutional rights; a claim must contain factual allegations sufficient to show that Plaintiff is entitled to relief from the Defendant against whom the claim has been asserted. *See Marshall v. Knight,* 445 F.3d 965, 968 (7th Cir. 2006) noting that Fed. R. Civ. P. 8(a) requires a "short and plain statement of the claim sufficient to notify the defendants of the allegations against them and enable them to file an answer." Merely naming a defendant in the caption is insufficient to state a claim. *Collins v. Kibort,* 143 F.3d 331, 334 (7th Cir. 1998). Furthermore,

"the alleged mishandling of [Plaintiff's] grievances by persons who otherwise did not cause or participate in the underlying conduct states no claim." *See Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011).

While Plaintiff implies that all Defendants were aware of the conditions, he does not identify which of the Defendants were aware or claim that he personally discussed these conditions with any of them. *See Pepper v. Village of Oak Park,* 430 F.3d 809, 810 (7th Cir. 2005) (citations omitted) ("to be liable under [Section] 1983, an individual defendant must have caused or participated in a constitutional deprivation.")

Plaintiff's allegations against Defendants Jeffreys and Watson assert that they were "grossly negligent" in supervising their subordinates. The doctrine of *respondeat superior* (supervisor liability) does not apply to actions filed under §1983. *Pacelli v. DeVito*, 972 F.2d 871, 877 (7th Cir. 1992). Defendants can be liable under §1983 only if they personally participated in the constitutional deprivation or, if they "know about the conduct and facilitate it, approve it, condone it, or turn a blind eye for fear of what they might see." *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001).

Lastly, Plaintiff claims he has experienced pain and suffering, requesting compensatory and punitive damages, as well as injunctive relief. Plaintiff is not entitled to compensatory damages, however, as he has not alleged that he suffered a physical injury. *Zehner v. Trigg*, 133 F.3d 459, 460 (7th Cir. 1997) ("[s]ection 1997e(e) does not permit recovery for custodial mental or emotional damages 'without a prior showing of physical injury.'")

**IT IS THEREFORE ORDERED:**

1. Plaintiff's complaint is dismissed for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915A. Plaintiff will have 30 days from the entry of this order in which to replead his claims as instructed herein. The pleading is to be captioned Amended

Complaint and is to include all of Plaintiff's claims without reference to a prior pleading. Failure to file an amended complaint will result in the dismissal of this case, without prejudice, for failure to state a claim.

2. On January 27, 2020, the Court instructed Plaintiff to provide additional information regarding his litigation history. Plaintiff subsequently filed a letter [6], disclosing the terms of two settlements, asserting that they were subject to Nondisclosure Agreements. The clerk is directed to file [6] under seal. Plaintiff is advised that, in the future, he may disclose that he settled the two cases subject to Nondisclosure Agreements but is not to reveal the terms of the settlements.

<br>

| | |
|---|---|
| 5/1/2020 | s/Joe Billy McDade |
| ENTERED | JOE BILLY McDADE |
| | UNITED STATES DISTRICT JUDGE |