UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| JOE TUCKER, | ) |
| | ) |
| **Plaintiff,** | ) |
| v. | ) No.: 20-cv-3026-JBM |
| | ) |
| CAMERON WATSON, et al., | ) |
| | ) |
| **Defendants.** | ) |

**MERIT REVIEW – AMENDED COMPLAINT**

Plaintiff, proceeding *pro se* and after full payment of the filing fee, files an amended complaint under 42 U.S.C. § 1983 alleging inhumane conditions of confinement at the Western Illinois Correctional Center ("Western"). Plaintiff names Western Warden Cameron Watson, Officer Jason Alexander, a John Doe Lieutenant, Grievance Officer Tara Goins and Debbie Knauer of the Administrative Review Board ("ARB"). The case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A. n reviewing the Complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour,* 729 F.3d 645, 649 (7th Cir. 2103). However, conclusory statements and labels are insufficient. Enough facts must be provided to "'state a claim for relief that is plausible on its face.'" *Alexander v. U.S.,* 721 F.3d 418, 422 (7th Cir. 2013).

On June 9, 2019, Plaintiff was moved to a cell on 3 House which was dirty and smelled of urine. Plaintiff asked an unidentified officer for cleaning supplies and was told that they had not "come over yet." The following day, Plaintiff spoke with Defendant Sergeant Alexander. He told Defendant that when the toilet in the neighboring cell was flushed, it would come over into the toilet bowl in his cell, creating a bad odor. Plaintiff requested a toilet brush and cleaning supplies. Defendant responded that there was nothing he can do about the ping-ponging toilets,

1

that there was no available toilet brush and that inmates could not have chemical cleaning supplies. Plaintiff also complained to Defendant Alexander of black mold in the showers and clogged vents in the cell and dayroom. Defendant did offer some relief as to the vents, claiming that he had submitted a work order, but that there was nothing that he could do about the mold in the showers.

Plaintiff alleges that on or around June 9, 2019, he personally complained of these conditions and the lack of cleaning supplies, to Defendant Warden Watson and an individual identified as a John Doe Lieutenant. Defendant Watson indicated he would look into it. Plaintiff followed up several months later with a letter to Defendant Watson but received no reply.

On June 9, 2019, Plaintiff wrote a grievance of the matter. The counselor responded, essentially telling him to submit a work order. Plaintiff thereafter sent the grievance to Grievance Officer Defendant Goins, who found the grievance to be moot. Plaintiff appealed the denial to Defendant Knauer of the ARB, without success.

Plaintiff requests nominal damages, only, having previously been advised that he could not seek compensatory damages absent physical injury. *Zehner v. Trigg*, 133 F.3d 459, 460 (7th Cir. 1997) ("[s]ection 1997e(e) does not permit recovery for custodial mental or emotional damages 'without a prior showing of physical injury.'") Plaintiff is advised, however, that punitive damages are available to him, even without evidence of physical injury. *Calhoun v. DeTella*, 319 F.3d 936 (7th Cir. 2003).

## ANALYSIS

To make out an inhumane conditions of confinement claim a Plaintiff must allege an extreme deprivation, ["b]ecause routine discomfort is 'part of the penalty that criminal offenders pay for their offenses against society', only those deprivations denying 'the minimal civilized

measure of life's necessities' are sufficiently grave to form the basis of an Eighth Amendment violation." *Hudson v. McMillian*, 503 U.S. 1, 9 (1992) (internal citations omitted). "In order to violate the Constitution, deprivations must be 'unquestioned and serious' and contrary to 'the minimal civilized measure of life's necessities'. Mere discomfort and inconvenience do not implicate the Constitution"; and "it is well-settled that conditions which are temporary and do not result in physical harm are not actionable under the Eighth Amendment." *Jihad v. Wright*, 124 F.3d 204 at *2 (7th Cir. 1997) (internal citations omitted).

Here, Plaintiff does not indicate how long he was held under the described conditions and without access to cleaning supplies. *See Dixon v. Godinez,* 114 F.3d 640, 644 (7th Cir. 1997) (the court is to examine not just the severity, but the duration of the complained-of conditions). *See also, Harris v. Fleming*, 839 F.2d 1232, 1235 (7th Cir. 1988) (ten days in a segregation unit without toilet paper, toothbrush or toothpaste in a "filthy, roach-infested cell" did not constitute cruel and unusual punishment). Plaintiff will be given an opportunity to replead his conditions of confinement claim against Defendants Watson, Alexander, and Doe, indicating the length of time he was subjected to the complained-of conditions.

Plaintiff's claims against Grievance Officer Goins and Debbie Knauer of the ARB are DISMISSED. This is so, as liability under § 1983 will attach only against those who caused or participated in a constitutional deprivation. *See Pepper v. Village of Oak Park,* 430 F.3d 809, 810 (7th Cir. 2005). "[T[he alleged mishandling of [Plaintiff's] grievances by persons who otherwise did not cause or participate in the underlying conduct states no claim." *See Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011). Furthermore, Plaintiff offers nothing to support that either Defendant had the authority to ameliorate these conditions. *See McGill v. Duckworth*, 944 F.2d

344, 348–49 (7th Cir. 1991) (plaintiffs may not "tax employees of the prison system with the effects of circumstances beyond their control.")

**IT IS THEREFORE ORDERED:**

Plaintiff's amended complaint is dismissed for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915A. Plaintiff will have 30 days from the entry of this order in which to replead his claims as instructed herein. The pleading is to be captioned Second Amended Complaint and is to include all of Plaintiff's claims without reference to a prior pleading. Failure to file an amended complaint will result in the dismissal of this case, without prejudice, for failure to state a claim. Defendants Goins and Knaeur are DISMISSED.

  10/29/2020                                             s/ Joe Billy McDade   
ENTERED                                                JOE BILLY McDADE
                                                       UNITED STATES DISTRICT JUDGE