UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| JOE TUCKER, | ) |
| | ) |
|         Plaintiff, | ) |
| v. | )  No.: 20-cv-3026-JBM |
| | ) |
| CAMERON WATSON, et al., | ) |
| | ) |
|         Defendants. | ) |

## MERIT REVIEW – SECOND AMENDED COMPLAINT

Plaintiff, proceeding *pro se* and after full payment of the filing fee, files a second amended complaint under 42 U.S.C. § 1983 alleging inhumane conditions of confinement at the Western Illinois Correctional Center ("Western"). Plaintiff names Western Warden Cameron Watson, Warden Justin Hammers, Officer Jason Alexander, a John Doe Lieutenant, Major Fundal and Grievance Officers Tara Goins and Eric Wohlfeil. The case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A. In reviewing the second amended complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour,* 729 F.3d 645, 649 (7th Cir. 2103). However, conclusory statements and labels are insufficient. Enough facts must be provided to "'state a claim for relief that is plausible on its face.'" *Alexander v. U.S.,* 721 F.3d 418, 422 (7th Cir. 2013).

On June 9, 2019, Plaintiff was moved to a cell on 3 House which had a "ping ponging" toilet. As a result, when inmates in a neighboring cell flushed their toilets, the refuse would fill the bowl in Plaintiff's toilet. Plaintiff does not claim that his toilet was inoperable, so it is presumed that he was able to flush the contents. When Plaintiff discovered this, he spoke with an officer not named as a Defendant, asking for supplies so he could clean the toilet. He was told that there were no toilet brushes for inmates' use, and they were not allowed chemical cleaning

1

agents. The following day, Plaintiff told Defendant Sergeant Alexander of the situation, alleging that it was causing him headaches, nausea and an upset stomach. Defendant responded that there was nothing he can do about the ping-ponging toilets as the building was "messed up." Plaintiff also complained to Defendant Alexander of black mold in the corner of the showers; washers and dryers that smelled like mold and mildew; and clogged vents in the cell. Defendant Alexander told Plaintiff to submit a work order regarding the vents, but otherwise took no action.

Plaintiff alleges that on or around June 9, 2019, he personally complained to Defendant Warden Watson and a John Doe Lieutenant about the deplorable living conditions and lack of toilet brushes and cleaning supplies. Defendant Watson indicated he would look into it. On November 15, 2019, Plaintiff followed up, sending a letter to Defendant Watson but received no reply. He claims that in the four months he was in 3 House he did not receive adequate cleaning supplies such as "toilet brush, mops, brooms or SOS pads."

On June 9, 2019, Plaintiff wrote a grievance of the matter. The counselor responded, essentially telling him to submit a work order. Plaintiff thereafter sent the grievance to Grievance Officer Defendant Goins, who found the grievance to be moot. Defendant Goins had previously been dismissed, as one does not become liable merely for denying a grievance where one has not caused or participated in the alleged violation. *See Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011). Defendant Goins is once again DISMISSED.

It appears that some time prior to April 20, 2020, Plaintiff was transferred to 4 House. On the date in question, Warden Hammers came to the unit. Plaintiff told him of the lack of adequate cleaning supplies and was told to submit a grievance. Plaintiff did so, and Grievance Officer Wohlfeil and Major Fundal denied it as moot. As Plaintiff's allegations against

Defendants Wohlfeil and Fundal are limited to their denial of his grievance, they are dismissed for the same reasons as Defendant Goins. Plaintiff requests nominal and punitive damages.

## ANALYSIS

To make out an inhumane conditions of confinement claim a Plaintiff must allege an extreme deprivation, "[b]ecause routine discomfort is 'part of the penalty that criminal offenders pay for their offenses against society', only those deprivations denying 'the minimal civilized measure of life's necessities' are sufficiently grave to form the basis of an Eighth Amendment violation." *Hudson v. McMillian*, 503 U.S. 1, 9 (1992) (internal citations omitted). "In order to violate the Constitution, deprivations must be 'unquestioned and serious' and contrary to 'the minimal civilized measure of life's necessities.' Mere discomfort and inconvenience do not implicate the Constitution"; and "it is well-settled that conditions which are temporary and do not result in physical harm are not actionable under the Eighth Amendment." *Jihad v. Wright*, 124 F.3d 204 at *2 (7th Cir. 1997) (internal citations omitted).

Here, Plaintiff alleges that Defendants are responsible for the failure to provide "adequate" cleaning supplies. Plaintiff does not claim that he was not provided any cleaning supplies, and in his original complaint pled that the cleaning agents he had been provided were "watered-down." Plaintiff does not particularly plead in what way the cleaning materials were inadequate, stating only that he was not provided chemicals, toilet brushes, mops, brooms or SOS pads.

The Eighth Amendment only prohibits those actions which amount to "punishment… totally without penological justification." *Meriwether v. Faulkner*, 821 F.2d 408, 415 (7th Cir. 1987). The deprivation of cleaning supplies will violate the Eighth Amendment only in "extreme circumstances," often when coupled with the lack of running water. *See Gray v. Hardy*, 826 F.3d

1000, 1005 (7th Cir. 2016). Here, it appears that Plaintiff had access to some cleaning supplies though they were not, in his estimation, adequate. In addition, as he does not state otherwise, it is presumed that he had access to running water. Here, the Court does not find that Plaintiff's four to six months without a toilet brush or the cleaning products of his choice represents cruel and unusual punishment. *See Harris v. Fleming*, 839 F.2d 1232, 1235 (7th Cir. 1988) (ten days in a segregation unit without toilet paper, toothbrush or toothpaste in a "filthy, roach-infested cell" did not constitute cruel and unusual punishment).

    Plaintiff also alleges a claim regarding the ping-ponging toilets. While the situation was undoubtedly unpleasant, Plaintiff does not allege that he was unable to flush his toilet and so, at least temporarily, to dispose of the contents. It is clear that "[t]he Eighth Amendment does not outlaw cruel and unusual 'conditions;' it outlaws cruel and unusual 'punishments.'" *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).The issue of whether a defendant is liable for "punishment" due to conditions of confinement involves both a subjective and objective component. *Jackson v. Duckworth*, 955 F.2d 21, 22 (7th Cir. 1992). Here, it does not appear objectively, that the ping ponging toilets amounted to an unconstitutional condition of confinement.

    Even if it were otherwise, the Court does not find that Plaintiff has sufficiently pled a subjective component. The subjective component requires consideration of the *intent* with which the alleged punishment is inflicted. The minimum intent required is "*actual* knowledge of *impending* harm *easily* preventable." *Id*. at 22 (emphasis in original) (internal citations omitted). That is, that the facts suggest that defendants "actually want the prisoner to suffer the harm. If the harm is remote rather than immediate, or the officials don't know about it or can't do anything about it, the subjective component is not established, and the suit fails." *Id*.

4

Here, Plaintiff fails to plead the requisite intent on the part of Defendants. There was an acknowledgement that the facility plumbing was "messed-up," which implies that it was not subject to remedy by any particular Defendant. Section 1983 liability is predicated on fault, so to be liable, a defendant must be "personally responsible for the deprivation of a constitutional right." *Sanville v. McCaughtry,* 266 F.3d 724, 740 (7th Cir.2001) (quoting *Chavez v. Ill. State Police,* 251 F.3d 612, 651 (7th Cir.2001)). Here, does not allege that any individual Defendant had the ability to correct the conditions. A plaintiff may not "tax employees of the prison system with the effects of circumstances beyond their control." *McGill v. Duckworth*, 944 F.2d 344, 348–49 (7th Cir. 1991). As a result, it is clear that the impending harm was not "easily preventable." *Jackson*, 955 F.2d at 22.

Plaintiff has had three opportunities to state a constitutional claim and has failed to do so. It appears, furthermore, that Plaintiff cannot do so under these facts. Accordingly, the second amended complaint is DISMISSED with prejudice, without an opportunity to amend.

**IT IS THEREFORE ORDERED:**

1)  Plaintiff's second amended complaint is dismissed with prejudice for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915A. Any amendment to the complaint would be futile for the reasons indicated herein. This case is therefore closed. The clerk is directed to enter a judgment pursuant to Fed. R. Civ. P. 58.

2)   If Plaintiff wishes to appeal this dismissal, he must file a notice of appeal with this Court within 30 days of the entry of judgment. Fed. R. App. P. 4(a). A motion for leave to appeal in forma pauperis should set forth the issues Plaintiff plans to present on appeal. *See* Fed. R. App. P. 24(a)(1)(C). If Plaintiff does choose to appeal, he will be liable for the $505 appellate filing fee irrespective of the outcome of the appeal.

| 3/24/2021 | s/Joe Billy McDade |
|---|---|
| ENTERED | JOE BILLY McDADE |
| | UNITED STATES DISTRICT JUDGE |